UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARIO LEE WILLIAMS, | ) | 1:08-cv-01969 LJO YNP (DLB) (HC) |
| Petitioner, | ) ) | ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED FOR PETITIONER'S FAILURE TO EXHAUST STATE REMEDIES |
| v. | ) ) ) | |
| UNKNOWN, | ) ) | ORDER GRANTING PETITIONER LEAVE TO NAME PROPER RESPONDENT |
| Respondent. | ) ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On December 29, 2008, Petitioner filed a petition for writ of habeas corpus with this Court.

**DISCUSSION**

**Exhaustion**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases; Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990). Otherwise, the Court will order Respondent to respond to the petition. Rule 5 of the Rules Governing § 2254 Cases.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial

1  opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501

2  U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158,

3  1163 (9th Cir. 1988).

4        A petitioner can satisfy the exhaustion requirement by providing the highest state court with a

5  full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v.

6  Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88

7  F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full

8  and fair opportunity to hear a claim if the petitioner has presented the highest state court with the

9  claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504

10 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

11       Additionally, the petitioner must have specifically told the state court that he was raising a

12 federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669

13 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999);

14 Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court

15 reiterated the rule as follows:

16       In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights'" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

22 Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

23       Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .

> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

Upon review of the instant petition for writ of habeas corpus, it appears that Petitioner has not presented his claims to the California Supreme Court. Petitioner states that he has filed appeals with the Superior Court of Madera and thrice with the Fifth Appellate District; which the Court can only assume means the California Court of Appeal, Fifth Appellate District. If Petitioner has not presented all of his claims to the California Supreme Court, the Court cannot proceed to the merits of those claims. 28 U.S.C. § 2254(b)(1). It is possible, however, that Petitioner has presented his claims to the California Supreme Court and simply neglected to inform this Court. Thus, Petitioner must inform the Court if each of his claims have been presented to the California Supreme Court, and if possible, provide the Court with a copy of the petition filed in the California Supreme Court, along with a copy of any ruling made by the California Supreme Court. Without knowing whether Petitioner has sought review before the California Supreme Court, the Court is unable to proceed to the merits of the petition.

**Proper Respondent**

A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of her as the respondent to the petition. Rule 2 (a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see also, Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). However, the chief officer in charge of state penal institutions is also appropriate. Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at 360. Where a petitioner is on probation or parole, the proper respondent is his probation or parole officer and the official in charge of the parole or probation agency or state correctional agency. Id.

Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction. <u>Stanley</u>, 21 F.3d at 360; <u>Olson v. California Adult Auth.</u>, 423 F.2d 1326, 1326 (9th Cir. 1970); <u>see also</u>, <u>Billiteri v. United States Bd. Of Parole</u>, 541 F.2d 938, 948 (2nd Cir. 1976). However, the Court will give Petitioner the opportunity to cure this defect by amending the petition to name a proper respondent, such as the warden of his facility. <u>See</u> <u>West v. Louisiana</u>, 478 F.2d 1026, 1029 (5th Cir.1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir.1975) (en banc) (allowing petitioner to amend petition to name proper respondent); <u>Ashley v. State of Washington</u>, 394 F.2d 125 (9th Cir. 1968) (same). In the interests of judicial economy, Petitioner need not file an amended petition. Instead, Petitioner may file a motion entitled "Motion to Amend the Petition to Name a Proper Respondent" wherein Petitioner may name the proper respondent in this action.

In this case Petitioner has yet to name a respondent. Petitioner is incarcerated at Pelican Bay State Prison; the warden at that facility is Francisco Jacquez.

**ORDER**

1) Petitioner is hereby ORDERED TO SHOW CAUSE why the petition should not be dismissed for Petitioner's failure to exhaust state remedies. Petitioner must inform the Court what claims have been presented to the California Supreme Court within thirty (30) days of the date of service of this order. Petitioner is forewarned that failure to follow this order will result in dismissal of the petition pursuant to Local Rule 11-110.

2) Petitioner is GRANTED thirty (30) days from the date of service of this order in which to file a motion to amend the instant petition and name a proper respondent. Failure to amend the petition and state a proper respondent will result in a recommendation that the petition be dismissed for lack of jurisdiction.

IT IS SO ORDERED.

Dated:   **August 13, 2009**                    /s/ **Dennis L. Beck**
                                                            UNITED STATES MAGISTRATE JUDGE